**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------X
                                  :

WIZKIDS/NECA, LLC,            :

                    :     Civil Action No. 1:17-cv-02400

         Plaintiff,     :

                    :

    -against-           :

                    :     **DEFENDANT'S ANSWER,**

TIII VENTURES, LLC,       :     **AFFIRMATIVE DEFENSES AND**

                    :     **COUNTERCLAIM**

                    :

         Defendant.    :
----------------------------------------------------X

Defendant TIII Ventures, LLC ("TIII") serves this Answer, Affirmative Defenses and Counterclaim in response to the Complaint of Plaintiff Wizkids/NECA, LLC ("Plaintiff").

<u>ANSWER</u>

**NATURE AND BASIS OF THE ACTION**

1.    TIII admits that Plaintiff purports to allege claims for trademark infringement, unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act") and for trademark infringement and unfair competition under the laws of the State of New York, but denies that those claims are valid.

**PARTIES**

2.    TIII lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of the Complaint.

3.    TIII admits the allegations in Paragraph 3 of the Complaint.

1

**JURISDICTION AND VENUE**

4.      TIII admits the allegations in Paragraph 4 of the Complaint.

5.      TIII admits the allegations in Paragraph 5 of the Complaint.

6.      TIII admits that this Court has personal jurisdiction. TIII denies the remaining

allegations in Paragraph 6 of the Complaint.

7.      TIII admits the allegations in Paragraph 7 of the Complaint.

**FACTUAL BACKGROUND**

8.      TIII lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 8 of the Complaint.

9.      TIII admits the allegations in Paragraph 9 of the Complaint, but denies that

Plaintiff's trademark registration is valid.

10.      TIII lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 10 of the Complaint.

11.      TIII admits that Plaintiff advertises and promotes products under the WIZKIDS

mark on the Internet, including at **wizkids.com**, and that pages 1-54 of Exhibit 2 are copies of

pages from that web site.  TIII lacks sufficient knowledge or information to admit or deny the

remaining allegations in Paragraph 11 of the Complaint.

12.      TIII lacks sufficient knowledge or information to admit or deny the allegations in

Paragraph 12 of the Complaint.

13.     TIII lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint.

14.     TIII lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint.

15.     TIII admits the allegations in Paragraph 15 of the Complaint.

16.     TIII admits that it is promoting and offering for sale toys under the trademark FIZZKIDS, that it owns the website **carbonationtoys.com**, that its website shows use of the trademark FIZZKIDS for toys, and that Exhibit 3 consists of excerpts from pages of TIII's web site. TIII denies the remaining allegations in Paragraph 16 of the Complaint.

17.     TIII admits that its toys under the mark FIZZKIDS are advertised, promoted and sold at **carbonationtoys.com** and **tenacioustoys.com** and that pages 1-13 of Exhibit 4 are excerpts from **tenacioustoys.com**. TIII denies the remaining allegations in Paragraph 17 of the Complaint.

18.     TIII admits that it filed application serial no. 86414168 in the PTO for the trademark FIZZKIDS for "[t]oys, namely, figures, action figures, dolls; collectible toys, namely, figures, action figures, and dolls; limited edition toys, namely, figures, action figures, and dolls; [and] cases for play accessories" in International Class 28, that the PTO approved that application for publication because it did not cause a likelihood of confusion with Plaintiff's registered mark for WIZKIDS, that Plaintiff filed a Notice of Opposition to TIII's application in

the Trademark Trial and Appeal Board of the PTO, and that that opposition proceeding is stayed

pending the outcome of this action. TIII denies the remaining allegations in Paragraph 18 of the

Complaint.

19.     TIII denies the allegations in Paragraph 19 of the Complaint.

20.     TIII denies the allegations in Paragraph 20 of the Complaint.

21.     TIII admits that Plaintiff advertises and promotes products under the mark

WIZKIDS on the internet, and that TIII advertises and promotes toys under the mark FIZZKIDS

on the internet, among other places. TIII denies the remaining allegations in Paragraph 21 of the

Complaint.

22.     TIII denies the allegations in Paragraph 22 of the Complaint.

23.     TIII denies the allegations in Paragraph 23 of the Complaint.

24.     TIII denies the allegations in Paragraph 24 of the Complaint.

**COUNT I**
**TRADEMARK INFRINGEMENT IN VIOLATION OF 15 USC § 1114**

25.     TIII incorporates the responses in each of the foregoing Paragraphs of the Answer

as if fully set forth herein.

26.     TIII admits that Plaintiff has not authorized TIII to use the FIZZKIDS mark, but

denies that it needs authorization and denies the remaining allegations in Paragraph 26 of the

Complaint.

27.     TIII denies the allegations in Paragraph 27 of the Complaint.

28.    TIII denies the allegations in Paragraph 28 of the Complaint.

29.    TIII denies the allegations in Paragraph 29 of the Complaint.

30.    TIII denies the allegations in Paragraph 30 of the Complaint.

**COUNT II**
**TRADEMARK INFRINGEMENT, UNFAIR COMPETITION**
**AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 USC §1125(a)**

31.    TIII incorporates the responses in each of the foregoing Paragraphs of the Answer as if fully set forth herein.

32.    TIII admits that it is engaged in the promotion, distribution, offer for sale and sale of toys under the FIZZKIDS mark, but denies the remaining allegations in Paragraph 32 of the Complaint.

33.    TIII denies the allegations in Paragraph 33 of the Complaint.

34.    TIII denies the allegations in Paragraph 34 of the Complaint.

35.    TIII denies the allegations in Paragraph 35 of the Complaint.

36.    TIII denies the allegations in Paragraph 36 of the Complaint.

37.    TIII denies the allegations in Paragraph 37 of the Complaint.

38.    TIII denies the allegations in Paragraph 38 of the Complaint.

**COUNT III**
**DENIAL OF APPLICATION PURSUANT TO 15 USC §§ 1119 and 1052(d)**

39.    TIII incorporates the responses in each of the foregoing Paragraphs of the Answer as if fully set forth herein.

40.    TIII denies the allegations in Paragraph 40 of the Complaint.

41.     TIII denies the allegations in Paragraph 41 of the Complaint.

42.     TIII denies that Plaintiff is entitled to the relief requested in Paragraph 42 of the

Complaint.

## COUNT IV
## TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW

43.     TIII incorporates the responses in each of the foregoing paragraphs of the Answer

as if fully set forth herein.

44.     TIII denies the allegations in Paragraph 44 of the Complaint.

45.     TIII denies the allegations in Paragraph 45 of the Complaint.

46.     TIII denies the allegations in Paragraph 46 of the Complaint.

47.     TIII denies the allegations in Paragraph 47 of the Complaint.

48.     TIII denies the allegations in Paragraph 48 of the Complaint.

## COUNT V
## UNFAIR COMPETITION UNDER NEW YORK LAW

49.     TIII incorporates the responses in each of the foregoing Paragraphs of the Answer

as if fully set forth herein.

50.     TIII denies the allegations in Paragraph 50 of the Complaint.

51.     TIII denies the allegations in Paragraph 51 of the Complaint.

## COUNT VI
## DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK STATUTORY LAW

52.     TIII incorporates the responses in each of the foregoing Paragraphs of the Answer

as if fully set forth herein.

53.     TIII denies the allegations in Paragraph 53 of the Complaint.

As to Plaintiff's prayer for relief contained in the WHEREFORE statements, TIII denies that Plaintiff is entitled to any relief, and prays that the Court dismiss Plaintiff's Complaint with prejudice, enter judgment against Plaintiff and in favor of TIII on all counts in the Complaint, award TIII its reasonable attorneys' fees and costs, and award any other and further relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (*De Minimis*, Remote, Speculative or Transient Damages)

Any losses or damages allegedly caused by TIII and sustained by Plaintiff, which TIII denies, are *de minimis*, remote, speculative, or transient and not cognizable at law.

### SECOND AFFIRMATIVE DEFENSE
### (Abandonment)

Plaintiff or Plaintiff's predecessor-in-interest stopped use of WIZKIDS with the intent not to resume use and abandoned the WIZKIDS mark.

### THIRD AFFIRMATIVE DEFENSE
### (Later Discovered Defenses)

Defendant asserts and preserves any defenses that may be predicated upon later-discovered evidence.

## COUNTERCLAIM

### PARTIES

TIII brings this Counterclaim against Counterdefendant Wizkids/NECA, LLC ("NECA"), and alleges as follows:

1.      TIII is a Louisiana limited liability company located in Shreveport, Louisiana.

2.      On information and belief, NECA is a New Jersey limited liability company with its principal place of business in Hillside, New Jersey.

## JURISDICTION AND VENUE

3.      This is a counterclaim for trademark cancellation under the Lanham Act, 15 U.S.C. § 1119.

4.      The Court has subject matter jurisdiction over this counterclaim pursuant to 15 U.S.C. § 1119.

5.      The Court has personal jurisdiction over NECA because NECA filed its Complaint in this Court, and this is a compulsory counterclaim.

## FACTS GIVING RISE TO THE COUNTERCLAIM

6.      NECA owns a federal registration for WIZKIDS for "game equipment, namely, miniature toy figurines and role playing equipment in the nature of game book manuals; collectible toy figurines for role playing games; and role playing games and game pieces and accessories therefor," Registration No. 2,785,361 (the "WIZKIDS registration").

7.      The trademark application for WIZKIDS was filed by Wizkids, LLC. on March 12, 2001. (Ex. A.) The WIZKIDS registration issued on November 25, 2003. (Ex. B.)

8.      In 2003, Wizkids, LLC was purchased by Topps, Inc.

9.      In 2007, Wizkids, LLC changed its name to Wizkids, Inc. (Ex. C.)

10.     In November 2008, Topps, Inc. publicly announced that use of the WIZKIDS mark would be discontinued and sales of the products stopped. On information and belief, use of the mark WIZKIDS was discontinued with the intent not to resume use in late 2008 or 2009.

11.     In August or September 2009, NECA purchased the WIZKIDS registration from Wizkids, Inc. (Ex. D.)

## COUNT I
## TRADEMARK CANCELLATION UNDER 15 USC § 1119

12.     TIII re-alleges the allegations in Paragraphs 1-11 of its Counterclaim as if set forth herein.

13.     Use of the WIZKIDS mark stopped with the intent not to resume use in late 2008 or 2009.

14.     NECA's registration for WIZKIDS should be cancelled because that  mark was abandoned for the goods in the registration.

15.     NECA's registration for WIZKIDS is damaging TIII, and TIII demands that it be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, TIII prays as follows with respect to its Counterclaim:

A.      That the Court enter judgment in favor of TIII and against NECA on the Counterclaim.

B.      That the Court order that U.S. Registration No. 2,785,361 be cancelled.

C.      That the Court grant TIII such other and further relief, in law or in equity, as it should deem just and proper.

## JURY DEMAND

TIII demands a jury on all issues so triable.

Dated:  June 12, 2017                    McDERMOTT WILL & EMERY LLP

                                         By:  /s/ Monica S. Asher
                                         Monica S. Asher

340 Madison Avenue
New York, New York 10017
Telephone:  (212) 547-5400
Facsimile:  (212) 547-5444
Email:  masher@mwe.com

John J. Dabney (to file for admission *pro hac vice*)
Katie Bukrinsky (to file for admission *pro hac vice*)
Mary Hallerman (to file for admission *pro hac vice*)
McDermott Will & Emery LLP
500 N. Capitol St, N.W.
Washington, D.C. 20001
Telephone: (202) 756-8000
Facsimile: (202) 756-8087
Email: jdabney@mwe.com.
kbukrinsky@mwe.com, mhallerman@mwe.com

Attorneys for Defendant and Counterclaimant TIII

## CERTIFICATE OF SERVICE

I certify on June 12, I filed the foregoing using the CM/ECF system, which caused a copy to be sent by email to all counsel of record including:

Brian Lemon
McCarter & English
Renaissance Centre; 405 N. King St., 8th Floor
Wilmington, DE 19801
(302)-984-6374
Fax: (302)-691-2911
Email: blemon@mccarter.com

Michael Robert Friscia
McCarter & English, LLP (NJ)
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973)-639-8493
Fax: (973)-297-6627
Email: mfriscia@mccarter.com


MCDERMOTT WILL & EMERY LLP


By:     /s/ *Monica S. Asher*

Monica S. Asher